UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 15)

I.  **Introduction**

David M Doyle ("Plaintiff"), who is self-represented, asserts claims against Defendants JTT Funding, Inc. ("JTT Funding") and Demetrios N. Boudourakis (collectively, with JTT Funding, "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq*. The operative complaint alleges that Defendants or their agents have repeatedly called Plaintiff's telephone number to engage in advertising and solicitation of their services. It also alleges that Defendants used a prohibited Automatic Telephone Dialing System ("ATDS") to call him, ignored Plaintiff's registration of his phone number on the national do-not-call registry, failed to provide a written copy of Defendants' do-not-call policy and failed to place Plaintiff's telephone number on an internal do-not-call list. *See* Compl., Dkt. 1. Finally, it alleges that Defendants failed to honor any of Plaintiff's requests to cease and desist from all telephone solicitations. Dkt. 1 ¶¶ 50, 59, 61, 70.

Defendants did not respond to the Complaint or otherwise appear in the action. As a result, default was entered against Defendants on October 31, 2018. Dkt. 13. On January 14, 2019, Plaintiff filed a Request for Default Judgment, which has been construed as a Motion for Default Judgment ("Motion"). Dkt. 15. Plaintiff sent to Defendants by mail a copy of the Motion and order scheduling a corresponding hearing on the Motion; again, Defendants did not respond. *See* Dkt. 21.

Based on a review of the Motion, it was determined that, pursuant to Local Rule 7-15, the Motion can be decided without oral argument. Dkt. 22. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

II.  **Factual and Procedural Background**

    A.  The Parties

Plaintiff is a California resident who received numerous phone calls on his mobile telephone and whose number has allegedly been on the national "do-not-call" registry since 2005. Dkt. 1 ¶¶ 11, 31. Defendant JTT Funding is a New York Corporation whose principal place of business is in Melville,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

New York. Dkt. 1 ¶ 11. Defendant Demetrios N. Boudourakis (a/k/a Jimmy N. Boudourakis) is alleged to be the Chief Executive Officer and/or principal owner of JTT Funding. Dkt. 1 ¶ 23.

    B.    Statutory Violations by JTT Funding

        1.    <u>Factual Background</u>

Over a 14-month period, Plaintiff allegedly received nine telephone calls on his cellular telephone line from Defendant JTT Funding. Dkt. 1 ¶¶ 32, 39, 52, 55, 57, 59, 61, 62, 63. Plaintiff alleges that each call advertised JTT Funding's services and frequently included a "scripted sales pitch" regarding JTT Funding's business funding, loan and cash advance services. Dkt. 1 ¶¶ 36, 43, 52, 55, 57, 59, 61, 62, 63. Plaintiff also claims to have received seven marketing emails about JTT Funding business services from several email accounts ending in "@jttfunding.com." Dkt. 1 ¶¶ 48, 51, 53, 54, 56, 58, 60. Plaintiff claims that, prior to these unsolicited calls and contacts, Plaintiff never did any business with JTT Funding and never provided the Defendants with his telephone number. Dkt. 1 ¶¶ 64-65. Finally, Plaintiff alleges that he is the sole subscriber of the telephone mobile number. Dkt. 1 ¶¶ 29-30.

The Complaint identifies the nine calls, their dates and their originating telephone numbers:

1) April 12, 2017 at 12:47 PM from (631) 638-5741.
2) April 17, 2017 at 12:40 PM from (725) 465-9479.
3) July 26, 2017 at 7:16 AM from (480) 407-6081.
4) August 1, 2017 at 11:43 AM from (480) 407-6081.
5) October 5, 2017 at 9:19 AM from (631) 638-5743.
6) January 31, 2018 at 12:32 PM from (408) 407-6081.
7) February 1, 2018 at 8:37 AM from (631) 638-5788.
8) February 9, 2018 at 1:51 PM from (408) 407-6081.
9) June 15, 2018 at 12:16 PM from (631) 638-5782.

Dkt. 1 ¶¶ 32, 39, 52, 55, 57, 59, 61, 62, 63.

After the first call, Plaintiff alleges that he repeatedly requested, both telephonically and in writing, that Defendants cease and desist. Doyle Decl., Dkt. 15 ¶ 15. On April 19, 2017, Plaintiff sent a demand letter to JTT Funding's alleged agent "Avery Ashman" at aashman@jttfunding.com, in which he requested that JTT Funding cease and desist its calls, announced his intention to file suit against JTT Funding for statutory damages under the TCPA, requested that he be provided with a written copy of their internal do-not-call policy and be placed on their internal do-not-call list. Dkt. 1 ¶¶ 50, 66; *see also* Ex. E, Dkt. 15.

        2.    <u>Alleged TCPA Violations</u>

The Complaint alleges four types of TCPA violations by JTT Funding. *See* Dkt. 15 at 3; Dkt. 1 ¶¶ 76-95. *First*, Plaintiff alleges nine violations of 47 U.S.C. § 227(b)(1)(A)(iii). The basis for this claim are alleged calls made by an automatic telephone dialing system ("ATDS") to Plaintiff's cellular telephone. Dkt. 1 ¶¶ 76-81. The Complaint alleges that Plaintiff first received such an unwanted telemarketing call from JTT Funding on April 12, 2017. Dkt. 1 ¶ 31. Plaintiff alleges this was done through the ATDS prohibited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

by 47 USC § 227(b)(1)(A). The basis for this allegation is that during the call he heard noises typically created by such a system. *See, e.g.*, Dkt. 1 ¶¶ 35, 42.

*Second*, Plaintiff alleges nine violations of 47 C.F.R. § 64.1200(c)(2), a regulation based on 47 U.S.C. § 227(c). It bars telephone solicitations made to a telephone number listed on the "do-not-call" registry. Dkt. 1 ¶¶ 82-87. Plaintiff's cellular telephone number has been registered on that registry since 2005. *Id.* ¶ 31. Therefore, Plaintiff alleges that the nine calls made by JTT Funding between April 2017 and June 2018 violated 47 C.F.R. § 64.1200(c)(2). Dkt. 1 ¶¶ 82-87.

*Third*, Plaintiff alleges a violation of 47 C.F.R. § 64.1200(d)(1). It is a regulation based on 47 U.S.C. § 227(c). The Complaint alleges that JTT Funding made telemarketing calls to Plaintiff, but failed to provide a copy of the Defendants' "do-not-call" policy when he requested it. Dkt. 1 ¶¶ 88-91. In support of this claim, the Complaint alleges that, on April 19, 2017, Plaintiff sent an email to "Avery Ashman" using the address, aashman@jttfunding.com, and that he is an agent of JTT Funding. Dkt. 1 ¶ 50. This email requested that JTT Funding provide Plaintiff with a written copy of the do-not-call policy. *Id.* Plaintiff alleges that he never received a copy of it. Dkt. 1 ¶ 67. Based on this, it is alleged that JTT Funding violated the disclosure requirement of 47 C.F.R. § 64.1200(d)(1). Dkt. 1 ¶¶ 88-91.

*Finally*, Plaintiff alleges a violation of 47 C.F.R. § 64.1200(d)(3), which is premised on 47 U.S.C. § 227(c). The basis for this claim is that JTT Funding allegedly made telemarketing calls to Plaintiff but did not place Plaintiff's telephone number on an internal "do not call" list. Dkt. 1 ¶¶ 92-95. On April 19, 2017, Plaintiff sent another email to the address, aashman@jttfunding.com. Dkt. 1 ¶ 50. It requested that JTT Funding place Plaintiff's telephone number on their internal company do-not-call list. *Id.* After this request, the Complaint alleges that Plaintiff received seven more calls from JTT Funding. Dkt. 1 ¶¶ 52, 55, 57, 59, 61, 62, 63. Plaintiff alleges that he made two other express requests to JTT Funding to stop calling his telephone number. One was on February 1, 2018 and the other was on June 15, 2018. Dkt. 1 ¶¶ 61, 63. These allegations form the basis for the claim that JTT Funding did not comply with Plaintiff's request to be placed on an internal do-not-call list. Dkt. 1 ¶¶ 59, 70.

      C.      Statutory Violations by Boudourakis

Plaintiff alleges that Defendant Boudourakis is personally liable for the alleged TCPA violations because he "is the CEO and/or [p]rincipal owner of JTT, knew of JTT's violations, and directed employees and/or agents of JTT to continue making those violations." Dkt. 1 ¶ 23. Boudourakis allegedly "authorized and oversaw" JTT Funding's "telemarketing processes and calls" and was responsible for ensuring JTT Funding's TCPA compliance. Dkt. 1 ¶¶ 24-25.

      D.      Procedural History

Plaintiff filed the Complaint on July 16, 2018. Dkt. 1. Boudourakis was personally served on July 19, 2018. Dkt. 11. JTT Funding was served with process through its CEO Boudourakis on the same date. Dkt. 11; *see* Dkt. 1 ¶ 12 (alleging Boudourakis is the Chief Executive Officer of JTT Funding). Default was entered on October 31, 2018. Dkt. 13.

Defendants were served the Motion by certified mail sent on January 15, 2019. Dkt. 18, 19. Pursuant to the Order issued on January 24, 2019, Dkt. 20, Boudourakis was served on January 25, 2019 with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

another copy of the Motion and a copy of the Order of December 4, 2018. Dkt. 21 at 1. JTT Funding was also served by mail at an address listed with the New York State Department with responsibility for maintaining such information. Dkt. 21 at 2; Ex. B, Dkt. 21.

Defendants have not appeared or responded in any manner.

Plaintiff seeks the entry of a judgment against Defendants and claims that he has met the procedural requirements for the entry of such a default judgment. The Complaint requests $30,000 in statutory damages, "prejudgment interest at the maximum legal rate," and costs. Dkt. 1 at 17. The Motion does not include the request for prejudgment interest. The $30,000 amount requested is based on Plaintiff's claims for treble damages for willful or knowing statutory violations that, absent the award of enhanced damages, would result in a potential claim for $10,000 in statutory damages. *See* Dkt. 1 ¶¶ 76-95.

The Complaint also seeks the entry of an injunction that precludes Defendants from future violations. Dkt. 1 at 17. The Motion does not include such a request. Dkt. 15.

### III.     Default Judgment

#### A.     Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the allegations of the Complaint are deemed true, there is subject matter and in personam jurisdiction over this matter. Subject-matter jurisdiction is based on 28 U.S.C. § 1331 because the underlying claims are based on a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387 (2012).

There are also sufficient allegations as to specific personal jurisdiction over Defendants. To establish such personal jurisdiction, a party must show both that the long-arm statute of the forum state applies to an out-of-state defendant and that the exercise of jurisdiction would be consistent with federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). The California long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). Personal jurisdiction may be exercised over a nonresident party who has "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Where an out-of-state defendant "contacts a plaintiff who resides in California in violation of the TCPA, those contacts may be sufficient to establish the existence of specific jurisdiction." *Heidorn v. BDD Mktg. & Mgmt. Co.*, 2013 WL 6571629, at *8 (N.D. Cal. Aug. 19, 2013). In such cases, the defendant "has directed its activities at the forum state by calling the plaintiff without the plaintiff's consent, the TCPA claim arises out of that conduct, and exercise of jurisdiction is not unreasonable." *Id.*; *see also Drew v. Lexington Consumer Advocacy*, 2016 WL 9185292, at *3 (N.D. Cal. Aug. 11, 2016). Moreover, an officer of an entity defendant may be subject to personal jurisdiction if that person acts in a manner that establishes the basis for both personal liability and sufficient contacts with California. *J2 Global*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

*Commc'ns., Inc. v. Blue Jay, Inc.*, 2009 WL 29905, at *6 (N.D. Cal. Jan. 5, 2009) (asserting personal jurisdiction over a corporate officer directly participating in and overseeing operations of an entity defendant violating the TCPA).

The Complaint has sufficient allegations as to all of these matters. It alleges that JTT Funding, an out-of-state defendant, contacted him in violation of the TCPA on nine occasions. *See* Dkt. 1 at 17. It also alleges that Boudourakis, an out-of-state defendant, directly participated, supervised and was responsible for the same TCPA violations. Dkt. 1 ¶¶ 23-25. It then alleges that Plaintiff's telephone number includes a California area code and that Defendants solicited business by contacting Plaintiff and others in California. Dkt. 1 ¶¶ 9, 32, 39, 52, 55, 57, 59, 61, 62, 63. Because the TCPA claims arise out of these specific contacts with California, the exercise of jurisdiction is reasonable.

    B.    Legal Standards for Default Judgment

        1.    <u>Procedural Requirements for Default Judgment</u>

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to the following: (1) when and against which party default has been entered; (2) identification of the pleading to which default has been entered; (3) whether the defaulting party is an infant or incompetent person and, if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) whether the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, applies; and (5) whether notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

        2.    <u>Legal Standards for Entry of Default Judgment</u>

Fed. R. Civ. P. 55(b) grants discretion to a district court in determining whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not by itself warrant or require the entry of a default judgment. *Id*. The Ninth Circuit has established seven factors that may apply in determining whether the entry of a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). They are as follows: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy favoring decisions on the merits. *Id*.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff is required to prove all damages. To determine damages, a court may rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

  C.  Application

    1.  <u>Procedural Requirements</u>

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. Plaintiff has shown that default was entered against Defendants Boudourakis and JTT Funding on October 31, 2018. Doyle Decl., Dkt. 15 ¶ 5. This default concerned Defendants' failure to answer or otherwise respond to the Complaint. Dkt. 15 ¶¶ 1-4, 6. Plaintiff declares that Boudourakis is neither an infant nor an incompetent person. Dkt. 23 ¶ 4. This standard does not apply to JTT Funding because it is a corporation. Plaintiff declares that Boudourakis is not an active or reserve member of the United States Armed Forces, so the Servicemembers Civil Relief Act does not apply to either defendant. Dkt. 23 ¶¶ 6-7.

Plaintiff has also satisfied the notice requirements of Local Rule 55-1 and Fed. R. Civ. P. 55(b). Plaintiff filed the Complaint on July 16, 2018. Dkt. 1. Boudourakis was personally served on July 19, 2018. Dkt. 11. JTT Funding was served through its CEO Boudourakis on July 19, 2018. Dkt. 11; see Dkt. 1 ¶ 12 (alleging Boudourakis to be the Chief Executive Officer of JTT Funding). This service of process satisfied the requirements of Fed. R. Civ. P. 4 for both defendants. Default was entered against Defendants as to the Complaint on October 31, 2018. Dkt. 13. Defendants have not timely filed any response or entered an appearance in this action.

Although service of the Motion was not required by Fed. R. Civ. P. 5(a)(2) because Defendants did not appear, Plaintiff was ordered to serve Defendants with the Motion and the December 4, 2018 Order that set the hearing on the Motion. *See* Dkt. 14. Defendants were served the Motion by a certified mailing on January 15, 2019. Dkts. 18, 19. Pursuant to the Order of January 24, 2019 (Dkt. 20), Boudourakis was served on January 25, 2019 with copies of the Motion and the December 4, 2018 Order. Dkt. 21 at 1.[1]

Plaintiff also mailed this service of the motion and order on January 29, 2019 to JTT Funding via certified mail at an address listed on the New York State Department of States' Division of Corporations website. Dkt. 21 at 4-5; Ex. B, Dkt. 21. Plaintiff then received a phone call on January 30, 2019 from an individual purporting to be the landlord at the listed address and that individual informed Plaintiff that Boudourakis had not lived at the address for over two years. Ex. B., Dkt. 21 at 12.[2] This address was listed as the one for JTT Funding as a business entity, and JTT Funding previously was served with process and notice of the Motion. Therefore, notice to JTT Funding is sufficient.

    2.  *Eitel* Factors

      a)  Possibility of Prejudice

A plaintiff would be prejudiced if she would be left without a remedy absent the entry of a judgment. *See Philip Morris USA, Inc., v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other

---

[1] Plaintiff also mailed a copy to an address of Boudourakis in the same building where he was served previously. Dkt. 21 at 3.
[2] Plaintiff originally served JTT Funding Inc. through Boudourakis and later served the Motion on it at a different address than the one listed on the New York State website. Dkt. 11; Dkt. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

recourse for recovery."); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Because Defendants' have failed to appear or participate in this litigation, Plaintiff will suffer prejudice if default judgment is not entered. Therefore, the first *Eitel* factor weights in favor of granting the Motion.

> b) The Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors assess the substantive merit of the claims of the moving party and the sufficiency of its pleadings. These factors "require that a [movant] 'state a claim on which [it] may recover.'" *PepsiCo*, 238 F. Supp. 2d at 1175 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)). Courts frequently analyze these factors together. *Id.*

Plaintiff has alleged four types of TCPA violations. They fit within two sections of the statute: 47 U.S.C. §§ 227(b) and (c).

> (1) 47 U.S.C. § 227(b): Automatic Telephone Dialing System Claim

Plaintiff alleges that defendants violated § 227(b)(1)(A) by calling his cellular telephone number with an automatic telephone dialing system. The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA includes a private right of action for violations of § 227(b). 47 U.S.C. § 227(b)(3). An aggrieved party may bring an action to enjoin such violations, to recover $500 in damages for each violation, or to seek both forms of relief. *Id.* A district court has discretion to increase the amount of the award up to $1500 per violation if the defendant willfully or knowingly violated § 227(b)(3). *Id.*

To recover under § 227(b), a plaintiff must show each of the following: (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The plaintiff must also show that he was the "called party" as defined by the TCPA. *Charkchyan v. EZ Capital, Inc.*, 2015 WL 3660315, at *3 (C.D. Cal. June 11, 2015*)*.

Plaintiff alleges that he received nine calls from JTT Funding during a 14-month period. Dkt. 1 ¶¶ 32,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

39, 52, 55, 57, 59, 61, 62, 63. Although Plaintiff did not submit copies of his cell phone call logs, the Complaint provides sufficient detail. It alleges the caller's number as well as the date and time for each call. *Id.* Moreover, Plaintiff describes the similar nature of the calls and the scripted sales pitches regarding "business funding," "loans," and "merchant cash advance services" provided by Defendants. *Id.* ¶¶ 36, 43, 44, 52, 55, 57, 59, 61, 62, 63. Plaintiff has sufficiently alleged that Defendant called Plaintiff's cellular telephone number.

Plaintiff alleges that Defendants called his telephone number using an ATDS. Dkt. 1 ¶¶ 33-35, 40-42; Doyle Decl., Dkt. 15 ¶ 12. The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C.A. § 227(a)(1). Because it is difficult for a plaintiff to identity the type of calling system used without the benefit of discovery, "courts have relied on the allegations regarding the details of the calls to infer use of an ATDS." *Haghayeghi v. Guess?, Inc.*, 2015 WL 1345302, at *4 (S.D. Cal. Mar. 24, 2015). In particular, "general allegations of use of an ATDS are sufficiently bolstered by specific descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used." *Lofton v. Verizon Wireless (VAW) LLC*, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015).

Plaintiff describes at least two calls as beginning with a "distinctive click and pause," during which he repeatedly said "hello" without receiving a response, until he heard a "'bloop' sound" and a "machine noise." Dkt. 1 ¶¶ 35, 42. Thereafter, a person would come on the line and deliver a "scripted sales pitch about business funding." *Id.* ¶ 36. Plaintiff alleges that these machine noises and the subsequent pause show a predictive dialer transferring Plaintiff to a live human being once he picked up the phone. *Id.* ¶ 35. Taken as true, Plaintiff's descriptions of the telltale "click and pause" before a live human representative answered the phone support a reasonable inference that the calls were made using an ATDS. Although Plaintiff only identifies the characteristic sounds for two of the nine calls, *Id.* ¶¶ 35, 42, the Complaint alleges nine total "ATDS Call[s]." *Id.* at 17; *see also* Dkt. 15 at 3, 5.

Plaintiff alleges that Defendants did not have his prior express written consent to place these calls. Dkt. 1 ¶ 65. "Prior express consent" under the TCPA is "consent that is clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). As an affirmative defense, the defendant bears the burden of proof in establishing prior express consent of the called party. *Charkchyan*, 2015 WL 3660315, at *3; *Drew*, 2016 WL 1559717, at *6. If the messages include or introduce an advertisement or constitute telemarking, the caller must have express written consent. 47 C.F.R. § 64.1200(a)(2). The relevant regulations define "advertisement" as any material advertising the commercial availability or quality of any property, goods, or services, 47 C.F.R. § 64.1200(f)(1), and "telemarketing" as the initiation of a telephone call or message to encourage the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, 47 C.F.R. § 64.1200(f)(12).

In *Charkchyan*, the plaintiff alleged that he was the current subscriber to the cellular telephone at issue, had never heard of defendants, had never visited any locations operated by defendants and had never provided his number to defendants or consented to receiving their calls. 2015 WL 3660315, at *1. Those allegations were sufficient to establish a lack of "prior express consent" where the defaulting defendants failed to produce any evidence of consent. *Id.* at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

Here, the Plaintiff's allegations establish that he did not provide prior express consent to Defendants' telephone calls. As in *Charkchyan*, Plaintiff declares that he has never had any business with defendants and never provided them his phone number or any form of written consent before receiving the first call. Dkt. 1 ¶¶ 64-65. Plaintiff also expressly requested that JTT Funding stop making the unsolicited phone calls. *See, e.g., id.* ¶¶ 50, 61, 63. Plaintiff alleges that the calls from JTT Funding marketed Defendants' services and promoted the purchase of loan, merchant cash and business funding services. *Id.* ¶¶ 36, 43, 52, 55, 57, 59, 61, 62, 63. These calls fall within the definitions of "advertisements" and "telemarketing" in the relevant regulations and require evidence of prior express written consent. Defendants have not provided any evidence of any prior consent.

Plaintiff has also established that he is the "called party." The "called party" under the TCPA is the telephone subscriber. *Drew*, 2016 WL 1559717, at *6; *Gutierrez v. Barclays Grp.*, 2011 WL 579238, at *5 (S.D. Cal. Feb. 9, 2011). Plaintiff states that he is the subscriber of the telephone number at issue and that he received the calls at that phone number. Dkt. 1 ¶¶ 29-30. Plaintiff has established his status as the "called party." *See Charkchyan*, 2015 WL 3660315, at *4 (Plaintiff's statement that he was the telephone subscriber sufficient to show he was the "called party" and therefore had standing to sue under the TCPA).

Because Plaintiff's allegations are taken as true in a motion for default judgment, he has satisfied the burden under the second and third *Eitel* factors to show that Defendants violated the TCPA's automatic dialer requirements under 47 U.S.C. § 227(b).

(2)   TCPA Section 227(c) National Do-Not-Call Registry Claim

Plaintiff asserts his second TCPA claim under 47 U.S.C. § 227(c)(5). He alleges that Defendants violated three regulations promulgated under 47 U.S.C. § 227(c): 47 C.F.R. § 64.1200(c)(2), (d)(1), and (d)(3).

Section 227(c)(5) provides a private right of action for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." Thus, a private right of action under 47 U.S.C. § 227(c)(5) requires three elements: (1) for each call, Plaintiff received more than one other telephone call within any 12-month period; (2) the calls were made by or on behalf of the same entity; and (3) the calls were made in violations of the regulations prescribed under § 227(c).

Plaintiff alleges that, within 12 months after each call that he received, he also received at least one more call. Plaintiff states that he received the first call to his wireless telephone from Defendants on April 12, 2017. Dkt. 1 ¶ 32. The eight other calls at issue all occurred within the next 14 months. Dkt. 1 ¶¶ 39, 52, 55, 57, 59, 61, 62, 63. The June 2018 call is after the initial 12-month period that started in April 2017. However, claims can still arise from that call because § 227(c)(5) requires more than one telephone call within "any 12-month period." The June 2018 call falls within a 12-month period, i.e., June 2018 to June 2017, during which Plaintiff received seven other improper calls. *See also, e.g., Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229-JCS, 2013 WL 6571629, at *15 (N.D. Cal. Aug. 19, 2013) (awarding statutory damages under section 227(c) for 22 calls received by Plaintiff between January 2012 and April 2013). Therefore, the Complaint sufficiently alleges that, for each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

telephone call in issue, Plaintiff received more than one telephone call within a 12-month period. Therefore, he has a viable claim under section 227(c).

Plaintiff also alleges that these nine calls were all placed by or on behalf of JTT Funding. Plaintiff claims that, after speaking on the phone with the callers, he began to receive marketing emails from email accounts ending in "@jttfunding.com." Dkt. 1 ¶¶ 48, 51, 53, 54, 56, 58, 60. Each call offered JTT Funding services for "business funding" and "loan and/or merchant cash advance services." Dkt. 1 ¶¶ 36, 43, 44, 52, 55, 57, 59, 61, 62, 63. When Plaintiff called back one of the numbers to request Defendants stop contacting him, he spoke with "Avery Ashman," a representative who sent emails via aashman@jttfunding.com. Dkt. 1 ¶ 48. Although Plaintiff fails to provide any phone records or email evidence of these contacts from JTT Funding, the allegations in the Complaint, which are deemed true, provide sufficient factual detail to demonstrate that the calls were conducted by or on behalf of JTT Funding.

Plaintiff further alleges TCPA violations under three subsections of 47 C.F.R. § 64.1200. Subsection (c)(2) prohibits all telephone solicitations to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Subsection (d)(1) requires persons or entities "making calls for telemarketing purposes" to have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R. § 64.1200(d)(1). Subsection (d)(3) requires that persons or entities making these calls place a telephone subscriber's phone number on an internal do-not-call list within 30 days of the subscriber's do-not-call request. 47 C.F.R. § 64.1200(d)(3). Although these regulations refer to "residential" subscribers, they also apply to calls made to wireless telephone numbers. 47 C.F.R. § 64.1200(e); *Heidorn*, 2013 WL 6571629, at *10.

As to subsection (c)(2), Plaintiff identified nine calls made to his telephone number by JTT Funding. Dkt. 1 ¶¶ 32, 39, 52, 55, 57, 59, 61, 62, 63. Each of the nine calls was received within a 12-month period in which Plaintiff also received more than one call from Defendants. Plaintiff states that his wireless telephone number has been listed on the do-not-call registry since 2005. Dkt. 1 ¶¶ 29-31; Ex. D, Dkt. 15; *see Andrews v. All Green Carpet and Floor Cleaning Serv.*, No. 14-CV-00159-ODW(Ex), 2015 WL 3649585, at *2 (C.D. Cal. June 11, 2015) (allowing plaintiff to prove status on the do-not-call registry by submitting records). Thus, the Complaint sufficiently alleges violations of subsection (c)(2) for nine calls by JTT Funding to a telephone number listed on the national do-not-call registry.

As to subsection (d)(1), Plaintiff alleges that he emailed the aforementioned JTT Funding representative, "Avery Ashman," a written request for a copy of its written do-not-call policy. Dkt. 1 ¶ 50; Ex. E, Dkt. 15. Plaintiff states that he sent this email on April 19, 2017 to the email address "aashman@jttfunding.com." *Id*. Defendants never answered Plaintiff's email and failed or refused to provide a copy of a written do-not-call policy. Dkt. 1 ¶¶ 66-67. Thus, Plaintiff sufficiently alleges a violation of subsection (d)(1) for Defendants' failure to provide a copy of their written do-not-call policy while continuing to initiate calls to Plaintiff.

As to subsection (d)(3), Plaintiff alleges that he emailed a JTT Funding representative, "Avery Ashman," a written request for JTT Funding to place Plaintiff's telephone number on an internal do-not-call list. Dkt. 1 ¶ 50; Dkt. 15 Ex E. Defendant never answered Plaintiff's email, and Plaintiff alleges that Defendant never placed Plaintiff's number on an internal do-not-call list. Dkt. 1 ¶ 70. After this request, and after the thirty-day grace period provided for in the regulation, Plaintiff received seven more phone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

calls from JTT Funding. Dkt. 1 ¶¶ 52, 55, 57, 59, 61, 62, 63. Thus, Plaintiff sufficiently alleges a violation of subsection (d)(3) for Defendants' failure to place Plaintiff's telephone number on an internal do-not-call list while continuing to initiate calls to Plaintiff.

(3)     <u>Defendant Boudourakis's Liability</u>

Plaintiff alleges Boudourakis is personally liable for all of the TCPA violations. Dkt. 1 ¶¶ 21-25. Individual officers of an entity violating the TCPA can be personally liable for their direct participation. *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, 2014 WL 12103245, at *6 (W.D. Wash. Nov. 4, 2014); *see also Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1320-21 (D. Wyo. 2011); *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). Such liability is appropriate where the individual "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Rinky Dink*, 2014 WL 12103245, at *6 (quoting *Blastfax*, 164 F. Supp. 2d at 898). Personal liability for direct participation in TCPA violations is distinct from officer liability of an individual serving as an officer of an entity. *See Roylance v. ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *6-7 (N.D. Cal. Mar. 16, 2015) ; *Ott*, 65 F. Supp. 3d at 1060.

The Complaint sufficiently alleges the direct participation of Boudourakis in the TCPA violations by JTT Funding. Plaintiff alleges that Boudourakis "knew of the JTT's violations, and directed employees and/or agents of JTT to continue making those violations." Dkt. 1 ¶ 23. Plaintiff further alleges that Boudourakis "authorized and oversaw" JTT Funding's "telemarketing processes and calls" and "was responsible for ensuring JTT's agents and/or employees TCPA compliance." *Id.* ¶¶ 24-25. Because these factual allegations are deemed true, Plaintiff has adequately alleged direct, personal participation on the part of Boudourakis sufficient to establish individual liability.

\*     \*     \*

For these reasons, Plaintiff has stated viable claims for TCPA violations against Defendants, and the second and third *Eitel* factors weigh in favor of granting the Motion.

c)     The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007); *see also Eitel*, 782 F.2d at 1472 (determining that entry of $3 million judgment would not be appropriate considering the parties' dispute as to material facts). Where the amount is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2-3 (N.D. Cal. June 30, 2011) (determining the amount of unpaid contributions, liquidated damages and attorney's fees were appropriate because each amount was supported by sufficient evidence).

Plaintiff seeks enhanced statutory TCPA damages of $30,000, prejudgment interest, costs and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

injunctive relief. Dkt. 1 at 17. The amount of money at stake is proportional and tailored to the Defendants' alleged statutory violations. Therefore, the fourth *Eitel* factor therefore weighs in favor of granting the Motion.

    d)  Possibility of Dispute Concerning the Merits

Plaintiff alleges that Defendants repeatedly called Plaintiff using an ATDS for advertising and solicitation, called Plaintiff's number listed on the national do-not-call registry, failed to provide a copy of a do-not-call policy and failed to place Plaintiff's number on an internal do-not-call list. Although it is possible that Defendants could dispute these factual assertions, their failure to appear and do so shows success is unlikely. Therefore, the fifth *Eitel* factor weighs in favor of granting the Motion.

    e)  Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor concerns whether the entry of default was the result of excusable neglect. No evidence has been presented to support this factor. Defendants were served with the summons and the Complaint but did not respond. Default was then entered. Dkt. 13. Defendants have been served with notice on more than one occasion, yet never appeared or responded. Therefore, this factor weighs in favor of granting the Motion.

    f)  Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the strong policy preference for deciding claims on their merits. This factor disfavors the entry of default judgment. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation and quotation marks omitted). Defendants' decision not to defend the action precludes a decision on the merits. Therefore, although this factor weighs against granting the Motion, it does not require that result. A contrary rule would mean that a default judgment could rarely, if ever, be entered.

    \*    \*    \*

Based on a review and balancing of the *Eitel* factors, the Motion is **GRANTED**, subject to a separate assessment of the dollar amount of requested relief.

IV.  **Damages**

  A.  Legal Standards

A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Further, the demand for relief must be specific. Fed. R. Civ. P. 8(a)(3). Therefore, "a default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris*, 219 F.R.D. at 499. In addition, "Plaintiff must 'prove up' the amount of damages that it is claiming." *Id.* at 501. "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Id.* at 498 (citing Fed. R. Civ. P. 55(b)(2)). "However, if the facts necessary to determine damages are not contained in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

complaint, or are legally insufficient, they will not be established by default." *Id.* (citing *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992)).

      B.    Application

Plaintiff's complaint requests the following damages: $30,000 in trebled, statutory TCPA damages, prejudgment interest "at the maximum legal rate" and costs. Dkt. 1 at 17. Through the Motion, Plaintiff seeks $30,000 in damages and unidentified costs. Dkt. 15 at 2.

For the following reasons, the request for damages is **GRANTED IN PART**.

      a)    Statutory Damages

Three issues must be addressed to determine TCPA damages: (1) the number of TCPA violations established by the plaintiff; (2) whether the violations should be counted as separate TCPA violations for the purposes of damages; and (3) the appropriate amount of damages to be awarded. *See Ellis v. Energy Enter. USA, Inc.*, No. 17-CV-00497-VKD, 2018 WL 6816112, at *6 (N.D. Cal. Nov. 20, 2018); *Drew*, 2016 WL 9185292, at *10.

      (1)    Number of total TCPA Violations

Plaintiff has sufficiently alleged 20 TCPA violations. Section 227(b)(3) provides the cause of action for the nine alleged violations of § 227(b)(1)(A)(iii). Section 227(c)(5) provides the cause of action for 11 other violations of regulations promulgated under § 227(c): nine violations of 47 C.F.R. § 64.1200(c)(2), one violation of (d)(1), and one violation of (d)(3).

      (2)    Number of Separate TCPA Violations for Damages Purposes

Although Plaintiff has sufficiently alleged 20 TCPA violations based on the nine calls at issue, there are only 18 separate TCPA violations for purposes of measuring damages. A single call can violate both §§ 227(b) and (c) and support damages claims for both. *See Drew*, 2016 WL 1559717, at *12 (plaintiff may recover statutory damages for both the sections 227(b) and 227(c) violations even if these violations arise from the same telephone call); *Roylance*, 2015 WL 1522244, at *10 (same). Each section provides a separate cause of action. *See* § 227(b)(3) and § 227(c)(5). Therefore, the nine calls here can support nine violations of both § 227(b) and (c).

Plaintiff sufficiently alleges nine violations of § 227(b). Dkt. 1 at 17. Plaintiff also alleges 11 violations of regulations adopted under § 227(c) for the nine calls at issue, *id.*, but each call only supports one § 227(c) claim for damages. Section 227(c)(5) provides a cause of action for a person who has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this section." The statute permits damages for each call in violation of the § 227(c) regulations, not for each violation during or through a call. *See Heidorn*, 2013 WL 6571629, at *16 ("This language indicates that a telephone call that violates more than one provision of the regulations is considered to be a single violation rather than multiple violations."); *Drew*, 2016 WL 9185292, at *10 (if multiple distinct violations are based on the same telephone communication, then the plaintiff may only recover for the number of communications and not the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

number of violations within each communication); *see also Roylance*, 2015 WL 1522244, at *9 n.109. Thus, even where there are multiple alleged violations of regulations promulgated under § 227(c) for each of several telephone communications, damages are awarded on a per-call basis. Accordingly, Plaintiff can only recover damages under § 227(c)(5) for nine separate calls in violation of § 227(c) regulations.

(3) <u>Appropriate Amount of Damages Awarded</u>

Plaintiff is entitled to damages of $9000. The TCPA provides that a person may receive $500 in statutory damages for violations of § 227(b) and up to $500 in damages for violations of § 227(c) and the associated regulations. See 47 U.S.C. § 227(b)(3), (c)(5). The TCPA permits trebled statutory damages for violations of § 227(b) and § 277(c) if a court finds the defendant "willfully or knowingly violated" the relevant statutory or regulatory provisions. See 47 U.S.C. §§ 227(b)(3)(C), (c)(5)(C). To determine whether to impose enhanced statutory damages, courts look to the nature of defendants' conduct, defendants' prior TCPA violations and whether non-trebled damages would sufficiently deter future TCPA violations. *See Sapan v. Authority Tax Servs., LLC*, 2014 WL 12493282, *2 (S.D. Cal. July 15, 2014); *Drew*, 2016 WL 9185292, at *11; *Heidorn*, 2013 WL 6571629, at *17.

Plaintiff alleges that all TCPA violations by Defendants were knowing or willful. *See Wakefield v. ViSalus, Inc.*, 2019 WL 2578082, at *1-2 (D. Or. June 24, 2019). Some courts have held that a defendant "must know that it is violating the TCPA," while others require only that the defendant "knew that it was engaging in the conduct that gave rise to liability." *Id.* at *1. The split of authority need not be resolved here. The circumstances do not support enhanced damages even if all violations were knowing and willful.

When courts find knowing or willful TCPA violations, they then determine the proper amount of enhanced damages by evaluating any prior TCPA violations by defendants and the deterrent effect of enhanced damages. *See Wakefield*, 2019 WL 2578082, at *2; *Drew*, 2016 WL 9185292, at *11; *Heidorn*, 2013 WL 6571629, at *17. Established prior TCPA violations support the award of enhanced damages. Evidence that an unenhanced award would be a trivial amount for a defendant or evidence that a defendant would not be deterred from future TCPA violations by an unenhanced award is also a basis for an award of enhanced damages. *See Roylance*, 2015 WL 1522244, at *11 (an enhanced award would better deter the defendants' conduct based on plaintiff's allegations of continued TCPA violations); *J2 Glob. Commc'ns.*, 2009 WL 4572726, at *8 (enhanced damages appropriate as deterrence where the plaintiff identified other legal actions brought against the defendant for TCPA violations). Where an unenhanced award would be a nontrivial amount for a defendant or where an unenhanced award would provide sufficient deterrence, courts often decline to award enhanced damages. *See Ellis*, 2018 WL 6816112, at *6 ($8,000 for 16 call-violations); *Drew*, 2016 WL 9185292, at *11 ($6000 for 12 call-violations); *Heidorn*, 2013 WL 6571629, at *17 ($11,000 for 22 call-violations).

Plaintiff has not alleged any prior TCPA violations by either JTT Funding or Boudourakis. Moreover, no evidence suggests that Defendants would not be deterred by a significant award of $9000. The Complaint is without allegations that Defendants have been undeterred by other sanctions awarded against them for TCPA violations or have continued their TCPA violations against other subscribers. Therefore, there is not a sufficient basis to justify an award of enhanced statutory damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-06145 JAK (ASx) | Date | December 2, 2019 |
|---|---|---|---|
| Title | David M. Doyle v. JTT Funding, Inc., et al. | | |

b)   Interest

The Complaint requested "prejudgment interest at the maximum legal rate," Dkt. 1 at 17, but no such request is made through the Motion. Dkt. 15. Because there was no notice of such a request, no such relief is appropriate. The judgment will be subject to post-judgment interest at the legal rate.

c)   Costs of Suit

Plaintiff is self-represented. The Motion and accompanying declaration requests an award of costs, but they are not identified. Dkt. 15 at 5 (requesting "the sum of $30,000, together with the costs of this action"). Judicial notice is nevertheless taken of Plaintiff's $400 filing fee. *See* Dkt. 1. Further, Plaintiff may seek an award of taxable costs following the entry of the judgment and in accordance with the Local Rules.

*   *   *

For the foregoing reasons, the request for damages is **GRANTED IN PART** in the amount of $9000. Taxable costs are awarded, with their amount to be determined through an application with the Clerk of Court.

**V.   Injunctive Relief**

The Complaint also requested injunctive relief. The TCPA provides for this remedy under both § 227(b) and § 227(c). *See* 47 U.S.C. § 227(b)(3)(A), -(c)(5)(A). Irreparable injury need not be shown because injunctions are authorized by statute. *Heidorn*, 2013 WL 6571629, at *10-11; *J2 Glob. Commc'ns*, 2009 WL 4572726, at *8 (citing *United States v. Laerdal Mfg. Co.*, 73 F.3d 852, 855 (9th Cir.1995) (noting that "a statutory injunction may be imposed when a violation of a statute has been or is about to be committed")). Plaintiff's allegations establish several TCPA violations. Plaintiff does not allege that Defendants continued to call him after June 15, 2018.

In light of the factual record that is presented, limited injunctive relief is warranted and **GRANTED** as follows: Defendants shall cease contacting Plaintiff with unsolicited telephone communications.

**VI.   Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. It is **GRANTED** as to the entry of judgment and **GRANTED IN PART** as to the request for damages and injunctive relief. On or before December 17, 2019, Plaintiff shall lodge a proposed judgment that is consistent with this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |